FILED

MAR 16 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS



**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No.   15-30286 |
| Plaintiff-Appellee, | D.C. No.<br>3:14-cr-05159-BHS-8 |
| v. | |
| FABIAN VALDOVINOS-PEREZ, | MEMORANDUM[*] |
| Defendant-Appellant. | |

| | |
|---|---|
| UNITED STATES OF AMERICA, | No.   15-30289 |
| Plaintiff-Appellee, | D.C. No.<br>3:14-cr-05159-BHS-10 |
| v. | |
| DAVID LOZANO-ALVARADO, | |
| Defendant-Appellant. | |

Appeals from the United States District Court
for the Western District of Washington
Benjamin H. Settle, District Judge, Presiding

Argued and Submitted March 8, 2017
Seattle, Washington

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Before: GRABER, IKUTA, and HURWITZ, Circuit Judges.

Fabian Valdovinos-Perez appeals his convictions for conspiracy to distribute controlled substances in violation of 21 U.S.C. § 841(a)(1) (Count 2), possession of methamphetamine and heroin with intent to distribute in violation of 21 U.S.C. § 841(a)(1) (Count 9), possession of a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1)(A)(i) (Count 10), and being an illegal alien in possession of a firearm in violation of 18 U.S.C. § 922(g)(5)(A) (Count 11). David Lozano-Alvarado appeals his conviction for conspiracy to distribute controlled substances in violation of 21 U.S.C. § 841(a)(1). We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

The district court did not err by denying Valdovinos-Perez relief under *Brady v. Maryland*, 373 U.S. 83 (1963). Valdovinos-Perez failed to establish that the 200 pages of so-called "*Brady*-type" material was evidence favorable to the accused. The government provided its contract with Reyes and evidence regarding Reyes's state criminal record to the defendants in sufficient time to be of value at trial. Because Valdovinos-Perez "had substantial opportunity to use the documents," he suffered no prejudice. *United States v. Gordon*, 844 F.2d 1397, 1403 (9th Cir. 1988).

2

Valdovinos-Perez failed to renew at trial his motion to sever, and the record does not reflect "that he diligently pursued severance or that renewing the motion would have been an unnecessary formality." *United States v. Decoud*, 456 F.3d 996, 1008 (9th Cir. 2006). Therefore, Valdovinos-Perez waived any challenge to the district court's failure to sua sponte sever his case from the co-defendants' trial. *Id*.

We reject Valdovinos-Perez's claim that the evidence was insufficient to support his convictions because, viewing the record in the light most favorable to the prosecution, a reasonable jury could find the required elements of each offense beyond a reasonable doubt. *See United States v. Nevils*, 598 F.3d 1158, 1164 (9th Cir. 2010) (en banc). On Count 2, a reasonable jury could find a single conspiracy based on the common purpose of bringing drugs into Washington, the relative stability of the conspiracy's membership, the contacts among the conspirators, and the reasonable inference that the conspirators were benefitting from their co-conspirators' activities. *See United States v. Fernandez*, 388 F.3d 1199, 1226 (9th Cir. 2004); *United States v. Duran*, 189 F.3d 1071, 1080 (9th Cir. 1999); *United States v. Bibbero*, 749 F.2d 581, 587 (9th Cir. 1984). A reasonable jury could also find that Valdovinos-Perez had at least a "slight connection" to the conspiracy, *United States v. Torralba-Mendia*, 784 F.3d 652, 663–64 (9th Cir. 2015) (internal

quotation marks omitted), given the evidence of his participation in a related drug deal, his transportation of drugs in furtherance of the conspiracy, and his apprehension at a stash house. Valdovinos-Perez's challenge to the sufficiency of the evidence of possession in Counts 9, 10, and 11 also fails. Viewing the evidence in the light most favorable to the prosecution, a jury could reasonably conclude that Valdovinos-Perez constructively possessed the methamphetamine, heroin, and firearms found in the trailer where he was apprehended. The evidence tying him to the trailer included testimony indicating that he possessed a key to the trailer, prior observation of his entering and exiting the trailer, and the presence of items in the trailer linked to Valdovinos-Perez. *See Nevils*, 598 F.3d at 1167–70; *United States v. Walker*, 993 F.2d 196, 200 (9th Cir. 1993).

When viewed in the light most favorable to the prosecution, sufficient evidence also supported Lozano-Alvarado's conspiracy conviction. A reasonable jury could conclude that Lozano-Alvarado's question to Reyes whether he would be making a trip to California, and his statement that perhaps Lozano-Alvarado would be "the one who will give [Reyes] some things" in California, showed Lozano-Alvarado's knowledge of the existence of the conspiracy to transport drugs from California to Washington, as well as his expectation that he would have an ongoing role in such a conspiracy. Considering this evidence along with evidence

4

that Lozano-Alvarado transported heroin from California, used the same method for concealing the drugs in a chip bag that other members of the conspiracy used, and was picked up at the bus station in Portland by one of the members of the conspiracy at the request of co-conspirator Benitez-Castillo, a reasonable jury could conclude that Lozano-Alvarado had at least a "slight connection" to the conspiracy. *Torralba-Mendia*, 784 F.3d at 664. In light of this evidence, it is immaterial that Lozano-Alvarado may not have known all the conspirators, participated in the conspiracy from its beginning, participated in all its enterprises, or known all its details. *Id*.

**AFFIRMED.**